UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMBER WRIGHT,

        Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; and BRUCE MORRISON, individually and in his official capacity acting under color of State law,

        Defendants.

Case No. C09-5126RJB

ORDER ON STATE DEFENDANTS' MOTION FOR PRODUCTION ORDER AND PROTECTIVE ORDER

This matter comes before the Court on the State Defendants' Motion for Production Order and Protective Order (Dkt. 11) and the Plaintiff's motion to compel employment records (Dkt. 19). The Court has reviewed the pleadings filed regarding the motions and the record herein.

## I.   FACTS

Originally filed in Pierce County, Washington Superior Court on February 19, 2009, Plaintiff makes claims against the Defendants for negligence and for violation of her civil rights under 42 U.S.C. § 1983. Dkt. 1. Plaintiff alleges that Defendants failed to properly investigate referrals and allegations of abuse and neglect concerning her father, David Wright. *Id.* Plaintiff alleges that Defendants violated their duties to act reasonably "when receiving information about the dangerous proclivities of Wright." *Id.* Plaintiff alleges that as a result, she was subjected to repeated abuse, including sexual abuse, by her father. *Id.* Plaintiff seeks monetary damages and attorneys' fees. *Id.*

Parties are engaging in discovery. Dkt. 12. According to the State Defendants, through

interrogatories and requests for production, Plaintiff has requested information contained in privileged and/or confidential files of third parties, and information pertaining to Defendant Morrison that is privileged. Dkt. 11.

### A. FILES OF NON-PARTIES

The State Defendants acknowledge that they have withheld from production the following files "which may contain discoverable information:"

1. DSHS Division of Children and Family Services file regarding Plaintiff's sibling, T.W.;
2. DSHS Division of Child Support files regarding David and Lori Wright;
3. Audio recording and transcript of an interview of T.W. conducted by DSHS Social Worker Linda Karu; and
4. Economic Services Administration files regarding David Wright and Lori Wright.

Dkt. 11, at 3.

According to the State Defendants,

> These files contain the following information: social worker notes (Service Episode Records), DSHS individual service and safety plans, dependency pleadings, psychological and criminal histories of his parents (whose parental rights were terminated) and adoption records. T.W.'s DSHS file also contains home studies and personal information regarding T.W.'s foster and adoptive parents.

Dkt. 12, at 2.

As to each of these files, the State Defendants argue that they cannot unilaterally consent to the release of these records without a release or an order from this Court. Dkt. 11. Defendants cite several federal and state statutes and regulations, including 42 U.S.C. § 5101-5107 (requiring states that receive federal assistance for child abuse and neglect prevention programs provide for methods to preserve confidentiality of records), 45 CFR § 1340.14 and § 1340.20 (child abuse records and reports are to remain confidential), RCW 74.04.060, (victims' CPS records are privileged), RCW 13.50.100 (DSHS records of juvenile clients are confidential and may only be released under limited circumstances or by court order), RCW 26.44.010 (CPS records and reports shall be maintained and disseminated with strictest regard for the privacy), RCW 26.44.030 (information from CPS records shall not be disseminated or released except as authorized by statute), RCW 26.44.031 (limitation on the maintenance of unfounded reports), RCW 43.43.834 (limitations on employment background checks), RCW 70.02.005

(confidentiality of personal healthcare information), RCW 70.24.105 (limitations on the disclosure of sexually transmitted diseases), RCW 71.05.390 (limitations of the disclosure of mental illness treatment records), RCW 74.04.060 (creates an evidentiary privilege and exemption from discovery of DSHS records concerning a person who receives child welfare services or public assistance through DSHS) RCW 13.50.050 and .100 (information and records in any individual's dependency files or juvenile court criminal files maintained by DSHS are confidential). Dkt. 11, at 8. The State Defendants do "take no position whether or not this Court should issue an order for these records to be produced to Plaintiff." Dkt. 12, at 3.

On December 22, 2009, the State Defendants wrote a letter to Mr. David Wright, Ms. Lori Wright and to T.W. and his adoptive parents, indicating that Plaintiff had made discovery requests for documents in the Department files regarding each of them. Dkt. 12, at 71-73. The letter states that each may file a letter with the Court if they have objections to the release of their "confidential DSHS files." *Id.*

T.W.'s adoptive parents wrote a letter stating that they opposed the release of any of T.W.'s files or information. Dkt. 14, at 4. The record contains a pleading which states "I, Lori Wright, do allow the release of paper work that Amber Wright has requested." Dkt. 21.

Plaintiff argues that these records should be released, and that the State Defendants' argument that these files are privileged, should be rejected. Dkt. 19.

**B.     DEFENDANT MORRISON'S PERSONNEL FILE**

The State Defendants also acknowledge that they have withheld Defendant Morrison's employee evaluations pursuant to *Dawson v. Daly,* 120 Wn.2d 782 (1993) and *Brown v. Seattle Public Schools,* 71 Wn.App. 613 (1993). Dkt. 11, at 4. Plaintiff argues that Defendants should be forced to turn over Defendant Morrison's personnel file and that of state employees, Melody Johnson and Judy Mitchell because they are relying on inapplicable privileges. Dkt. 19. Plaintiff's opposition shall be construed as a motion to compel. Dkt. 19.

**C.     PROTECTIVE ORDER**

The State Defendants also move the Court for a Protective Order, arguing that these files contain highly sensitive information, health records, and financial records of several non-parties. Dkt. 11. Plaintiff argues that the State has not shown that a protective order is required here. Dkt. 19.

## II. DISCUSSION

### A. FILES OF NON-PARTIES

1. *DSHS Division of Children and Family Services File Regarding T.W. and the Audio Recording and Transcript of an Interview of T.W. Conducted by DSHS Social Worker Linda Karu*

Fed. R. Civ. P. 26 (b) (1) provides,

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Keeping this overall rule in mind, it is not clear what is in DSHS Division of Children and Family Services' file regarding T.W. It appears from the pleadings that at least some of these records could be relevant to Plaintiff's case, particularly those records regarding the termination of David and Lori Wright's parental rights. It is also appears that some of the file contains T.W.'s adoption record, which would include information which is not likely relevant or "reasonably calculated to lead to the discovery of admissible evidence:" his adoptive parents' income and home studies, for example. Pursuant to Washington's adoption statute, "adoption records are sealed, and may be opened only pursuant to court order upon a showing of good cause." *North American Council on Adoptable Children v. Department of Social and Health*, 108 Wash.2d 433, 441(1987)(*citing* RCW 26.33.330 which provides "all records of any proceeding under this chapter shall be sealed and shall not be thereafter open to inspection by any person except upon order of the court for good cause shown"). RCW 26.33.330, further provides that "[i]n determining whether good cause exists, the court shall consider any certified statement on file with the department of health as provided in RCW 26.33.347." RCW 26.33.347, in turn, provides a process for an adoptive person over the age of eighteen to file a certification in his or her file regarding whether they want to be contacted by their biological parents, sibling or relative. RCW 26.33.330 does not further define "good cause."

Based upon the circumstances of the case, there is sufficient good cause for unsealing T.W.'s file regarding the termination of David and Lori Wright's parental rights, and events leading thereto. It is not difficult to imagine that there may be relevant information regarding Plaintiff's claims in that portion of

the file. The State Defendants provide Plaintiff with the DSHS Division of Children and Family Services file regarding T.W. with the appropriate redactions. The privilege log, if any, should be in accordance with the federal rules and other applicable law. The State Defendants should also provide Plaintiff the audio recording and transcript of an interview of T.W. conducted by DSHS Social Worker Linda Karu.

The protective order referenced below shall apply to these records.

### 2. *David and Lori Wright's Records*

The State Defendants should produce the records of David and Lori Wright. Ms. Wright appears to have consented to their release. Mr. Wright failed to raise any objections. The protective order referenced below shall apply to these records.

### B. DEFENDANT MORRISON'S EMPLOYEE EVALUATIONS

Defendants also acknowledge that they have withheld Defendant Morrison's employee evaluations pursuant to *Dawson v. Daly,* 120 Wn.2d 782 (1993) and *Brown v. Seattle Public Schools,* 71 Wn.App. 613 (1993). Dkt. 11, at 4. State Defendants rely on the statutory exemptions to Washington's Public Records Act. *Id.*

The State Defendants should be ordered to turn over Defendant Morrison's employee evaluations. In cases like this one, the Ninth Circuit "has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519, n.6. (9th Cir. 1987)(holding under Fed. R. Evid.501, in a Title VII action, the federal common law of privilege controls, after noting defendants contended that the sought documents were protected only by state-created privileges). To the extent that the State Defendants are withholding other employment records based on inapplicable privileges, the State Defendants should also provide to Plaintiff the employee records of the other two state employees, Melody Johnson and Judy Mitchell.

The protective order referenced below should apply to these records.

### C. PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26 (c) (1), "The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."

Good cause exists for an order protecting the DSHS documents and/or files produced by the State

Defendants relating to T.W., Lori Wright, and David Wright. Good cause has also been shown to protect documents containing personal, identifying information for current or former Washington State employees. The State Defendants provided a Proposed Protective Order at Dkt. 12, at 61-65. The Protective Order, which shall be entered into the record separately, is taken from this pleading, with some alterations. The parties did not address whether the State Defendants' files regarding Plaintiff should be covered by the Protective Order. Accordingly, it does not cover her files.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- The State Defendants' Motion for Order of Production (Dkt. 11) is **GRANTED AS FOLLOWS**: State Defendants **WILL PRODUCE**, with the appropriate redactions and accompanied by a privilege log, the following files maintained by DSHS:
  - DSHS Division of Children and Family Services file regarding T.W.;
  - DSHS Division of Child Support files regarding David and Lori Wright;
  - Audio recording and transcript of an interview of T.W. conducted by DSHS Social Worker Linda Karu; and
  - Economic Services Administration files regarding David Wright and Lori Wright;
- Plaintiff's motion to compel (Dkt. 19) the employment records of Defendant Morrison, Melody Johnson, and Judy Mitchell, which the State Defendants are withholding based upon privileges from Washington's Public Records Act, (Dkt. 19) is **GRANTED**;
- State Defendants' Motion for a Protective Order (Dkt. 11) is **GRANTED**. A separate Protective Order will be entered into the record as to the Department of Social and Health Services files relating to T.W., Lori Wright, and David Wright and to documents containing personal, identifying information for current or former Washington State employees.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 21st day of January, 2010.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge