UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMBER WRIGHT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; and BRUCE MORRISON, individually and in his official capacity acting under color of State law,<br><br>　　　　　　Defendants. | Case No.  C09-5126RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO LIMIT EXPERT TESTIMONY OF JANET WARREN |

This matter comes before the Court on the Plaintiff's Motion to Limit Expert Testimony of Janet Warren. Dkt. 49. The Court has reviewed the pleadings filed regarding the motion and the record herein.

## I.     FACTS

Originally filed in Pierce County, Washington Superior Court on February 19, 2009, Plaintiff makes claims against the Defendants for negligence and for violation of her civil rights under 42 U.S.C. § 1983. Dkt. 1. Plaintiff alleges that Defendants failed to properly investigate referrals and allegations of abuse and neglect concerning her father, David Wright. *Id.* Plaintiff alleges that Defendants violated their duties to act reasonably "when receiving information about the dangerous proclivities of Wright." *Id.* Plaintiff alleges that as a result, she was subjected to repeated abuse, including sexual abuse, by her father. *Id.* Plaintiff seeks monetary damages and attorneys' fees. *Id.*

Parties are engaging in discovery. On January 21, 2010, this Court granted Defendants' motion

ORDER
Page - 1

1  and ordered Defendants to produce the confidential files of third non-parties. Dkt. 25. A protective order
2  was also entered. Dkt. 27. In February 2010, the Court was asked to intervene in the scheduling and the
3  manner in which Plaintiff's Rule 35 Examination was to take place. Dkt. 38. On March 31, 2010,
4  Plaintiff moved the Court for an order deeming Defendants' claims of attorney-client and work product
5  privilege waived, or in the alternative, provide a privilege log justifying their claims of privilege. Dkts.
6  47 and 59. Plaintiff's motion was denied. *Id.*

Plaintiff now moves for an order limiting the testimony of Defendants' expert Janet Warren. Dkts. 49 and 63. Plaintiff argues that in the Defendants' Initial Disclosures, and the supplements thereto, Defendants indicated that Ms. Warren would testify to the standards of care at the Department of Social and Health Services "during Amber Wright's dependency." Dkt. 50, at 6. The Defendants then defined her period of state dependency as May 18, 2005, to September 14, 2008. Dkt. 50, at 10. Plaintiff argues that Defendants' expert's report focuses on a "entirely different period of time." Dkt. 49, at 2. Plaintiff complains that Defendants did not properly supplement their Initial Disclosures as required under the rules. Dkt. 49 and 63. Plaintiff seeks to have her report and testimony limited to the time period of May 18, 2005, to September 14, 2008 because of Defendants' representations in their Initial Disclosures. Dkts. 49 and 63.

The discovery cut off deadline is May 17, 2010, and trial is set for September 13, 2010. Dkt. 8.

## II. DISCUSSION

Fed. R. Civ. P. 26(a)(2), "Disclosure of Expert Testimony," provides:

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report . . .
(C) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. . . .
(D) Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

Rule 26(e) provides that a party's duty to supplement extends to an expert's report or information given during the expert's deposition. "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Plaintiff's motion to limit the testimony of Defendants' expert Janet Warren (Dkt. 49) to the time

ORDER
Page - 2

period of May 18, 2005 through September 14, 2008, based on the timing and manner of Defendants' disclosure of her and her report should be denied. Defendants have complied with the Court's order regarding the disclosure of expert witnesses. Under the Court's scheduling order, the Expert Witness Disclosure and Reports under Fed. R. Civ. P. 26(a)(2) were due by March 8, 2010. Dkt. 8. On March 8, 2010, the Defendants filed two lists of experts, including Ms. Warren. Dkts. 43 and 44. Ms. Warren's report was sent to Plaintiff on March 8, 2010. Dkt. 50, at 2. Ms. Warren's deposition is scheduled for May 14, 2010. Dkt. 61. No showing has been made that Plaintiff has been harmed by Defendants' earlier disclosures regarding Ms. Warren. Defendants have a duty under the rules to supplement any additions or changes to Ms. Warren's report or testimony, and still have several months in which to do so, if necessary. Fed. R. Civ. P. 26(e)(2). Defendants should not be punished for their decision to notify Plaintiff of their potential use of Ms. Warren in their initial disclosures.

Furthermore, this is a premature motion in limine. Plaintiff's motion should be denied without prejudice.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's Motion to Limit Expert Testimony of Janet Warren (Dkt. 49) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of April, 2010.

Robert J. Bryan
United States District Judge