UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMBER WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; and BRUCE MORRISON, individually and in his official capacity acting under color of State law,<br><br>　　　　　Defendants. | Case No.  C09-5126RJB<br><br>ORDER REMANDING STATE CLAIMS |

This matter comes before the Court upon the Court's order to show cause why this case should not be remanded to Pierce County, Washington Superior Court. Dkt. 124. The Court has reviewed the pleadings filed regarding and the record herein.

**I.**　　**FACTS**

The facts and procedural background are related in the July 9, 2010, order granting Defendants' partial summary judgment motion, (Dkt. 124, at 1-7) and are adopted here by reference. The July 9, 2010, order dismissed all Plaintiff's federal claims. *Id.* Parties were ordered to show cause why the remaining state law claims should not be remanded to Pierce County Superior Court pursuant to 28 U.S.C. § 1367(c). *Id.*

Plaintiff responded and requests that the case be remanded. Dkt. 125. Defendants oppose remanding the case. Dkt. 126. They argue that there are no novel or complex questions of state law, and the parties have devoted substantial time and effort in discovery and in developing the record. *Id.*

ORDER
Page - 1

1  Complicating matters, Plaintiff has now filed a Notice of Appeal regarding the July 9, 2010,
2  Order. Dkt. 128.

3  This opinion will first turn to the question of whether Notice of Appeal has divested this Court of
4  jurisdiction to consider whether the remaining state court claims should be remanded and secondly, to
5  whether such claims should be remanded.

### III. DISCUSSION

#### A. JURISDICTION

Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982).

Although Defendants' partial summary judgment was granted, no final judgment has been entered on those claims, or on the case. Accordingly, the Court has jurisdiction to consider whether it will exercise supplemental jurisdiction over the state law claims or remand the state law claims to state court. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).

#### B. REMAND OF STATE CLAIMS

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. As above, all Plaintiff's federal claims were dismissed. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3).

Moreover, the remaining state claims "raise novel or complex issues of state law" under §

1367(c)(1). The remaining claims deal with a state child protection worker's potential negligent investigation of allegations of sexual child abuse and neglect. These are areas of particular state concern. Further, the values of economy and convenience may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 352 (1988), the value of comity is served by this Court declining jurisdiction. The value of fairness is also served by having the matter remanded.

On August 3, 2010, the parties filed a Stipulated Request for Modest Continuance of Pre-Trial Deadline. Dkt. 127. Parties seek an extension of time unless the Court remands the state law claims. The state law claims should be remanded and the Stipulated Request for Modest Continuance of Pre-Trial Deadline (Dkt. 127) should be stricken as moot.

### III.   ORDER

Accordingly, it is hereby **ORDERED** that:

- This matter **IS REMANDED** to Pierce County, Washington Superior Court;
- The Stipulated Request for Modest Continuance of Pre-Trial Deadline (Dkt. 127) is **STRICKEN AS MOOT**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of August, 2010.

Robert J Bryan
United States District Judge